Robert L. Powley
James M. Gibson
Margarita Wallach
David J. Lorenz
Jason H. Kasner
Joseph J. Bozzuti
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendant
Forever 21, Inc.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------X
                                                   :
Hart Systems, Inc.,                                :     ECF Case
                                                   :
                                                   :     Civil Action No.:
                    Plaintiff,                     :     10-CV-0753 (BMC)
                                                   :
-against-                                          :     **Jury Trial Demanded**
                                                   :
Forever 21, Inc.,                                  :
                                                   :
                    Defendant.                     :
---------------------------------------------------X

## DEFENDANT'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Forever 21, Inc. (hereinafter "Defendant"), by and through its attorneys, hereby answers the Amended Complaint of Plaintiff Hart Systems, Inc. (hereinafter "Plaintiff") and asserts its counterclaim as follows:

### Nature Of The Action

1.     Defendant denies the truth of the allegations contained in Paragraph 1 of the Amended Complaint, except admits that it signed an agreement between Plaintiff and Defendant ("the Agreement") on March 28, 2008. Defendant respectfully refers the Court to the Agreement

for its true content, terms, meaning and import. To the extent Paragraph 1 calls for a legal conclusion, no response is required.

## The Parties

2. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint and, therefore, denies the same.

3. Defendant denies the truth of the allegations contained in Paragraph 3 of the Amended Complaint, except admits that it is a Delaware corporation with its principal place of business and executive offices at 2001 S. Alameda Street, Los Angeles, California 90058, is a retailer, and uses the words "has quickly become the source for the most current fashions at the greatest value" on its website.

4. Defendant admits the allegations in Paragraph 4 of the Amended Complaint.

## Jurisdiction And Venue

5. Defendant admits the allegations in Paragraph 5 of the Amended Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Amended Complaint.

## Facts

### General Background

7. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and, therefore, denies the same.

8. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and, therefore, denies the same.

9. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint and, therefore, denies the same.

10. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint and, therefore, denies the same.

**The Agreement**

11. Defendant denies the truth of the allegations contained in Paragraph 11 of the Amended Complaint, except admits engaging in discussions in late 2007 with Plaintiff concerning its inventory system.

12. Defendant denies the truth of the allegations contained in Paragraph 12 of the Amended Complaint, except admits engaging in discussions with Plaintiff. To the extent Paragraph 12 calls for a legal conclusion, no response is required.

13. Defendant denies the truth of the allegations contained in Paragraph 13 of the Amended Complaint, except admits that the words "for all stores, for all inventories, until the expiration of the Agreement" appear in the Agreement. Defendant respectfully refers the Court to the Agreement for its true content, terms, meaning and import. Defendant also lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Amended Complaint and, therefore denies the same. To the extent Paragraph 13 calls for a legal conclusion, no response is required.

14. Defendant denies the truth of the allegations contained in Paragraph 14 of the Amended Complaint. Defendant respectfully refers the Court to the Agreement for its true content, terms, meaning and import. To the extent Paragraph 14 calls for a legal conclusion, no response is required.

15. Defendant denies the truth of the allegations contained in Paragraph 15 of the Amended Complaint, except admits that the words "the number of stores that will be inventoried in a Scheduled Inventory will be equal to or greater than seventy-five (75%) percent of the Client's

total stores" appear in the Agreement. Defendant respectfully refers the Court to the Agreement for its true content, terms, meaning and import. Defendant also lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Amended Complaint and, therefore denies the same. To the extent Paragraph 15 calls for a legal conclusion, no response is required.

16. Defendant denies the truth of the allegations contained in Paragraph 16 of the Amended Complaint, except admits that the words "sole use" appear in the agreement. Defendant respectfully refers the Court to the Agreement for its true content, terms, meaning and import. Defendant also lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Amended Complaint and, therefore denies the same. To the extent Paragraph 16 calls for a legal conclusion, no response is required.

17. Defendant denies the truth of the allegations contained in Paragraph 17 of the Amended Complaint, except admits that the words "sole use until the expiration of the Agreement" appear in the Agreement. Defendant respectfully refers the Court to the Agreement for its true content, terms, meaning and import. Defendant also lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Amended Complaint and, therefore denies the same. To the extent Paragraph 17 calls for a legal conclusion, no response is required.

18. Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

19. Defendant denies the truth of the allegations contained in Paragraph 19 of the Amended Complaint. Defendant respectfully refers the Court to the Agreement for its true content, terms, meaning and import. To the extent Paragraph 19 calls for a legal conclusion, no response is required.

20. Defendant denies the truth of the allegations contained in Paragraph 20 of the Amended Complaint, except admits that two store tests were conducted in February 2008. Defendant respectfully refers the Court to the Agreement for its true content, terms, meaning and import. To the extent Paragraph 20 calls for a legal conclusion, no response is required.

21. Defendant admits the allegations in Paragraph 21 of the Amended Complaint

22. Defendant denies the truth of the allegations contained in Paragraph 22 of the Amended Complaint, except admits that store tests were conducted in 2008. To the extent Paragraph 22 calls for a legal conclusion, no response is required.

**The First 2009 Inventory**

23. Defendant denies the truth of the allegations contained in Paragraph 23 of the Amended Complaint, except admits scheduling its first inventory for 2009. To the extent Paragraph 23 calls for a legal conclusion, no response is required.

24. Defendant denies the truth of the allegations contained in Paragraph 24 of the Amended Complaint, except admits Defendant and Plaintiff agreed to conduct inventory during January and February 2009. To the extent Paragraph 24 calls for a legal conclusion, no response is required.

25. Defendant admits the allegations in Paragraph 25 of the Amended Complaint.

26. Defendant denies the truth of the allegations contained in Paragraph 26 of the Amended Complaint, except admits that Plaintiff's involvement with store inventories ceased during the year-end inventory in early 2009. Defendant respectfully refers the Court to the Agreement for its true content, terms, meaning and import. To the extent Paragraph 26 calls for a legal conclusion, no response is required.

27. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and, therefore, denies the same.

28. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint and, therefore, denies the same.

**Forever 21's Breach Of The Agreement And Its Repudiation Going Forward**

29. Defendant denies the truth of the allegations contained in Paragraph 29 of the Amended Complaint, except admits that Ann Kim, Defendant's Chief Financial Officer, was contacted by Jared Goldsmith in 2009. Defendant also lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Amended Complaint and, therefore, denies the same.

30. Defendant denies the truth of the allegations contained in Paragraph 30 of the Amended Complaint, except admits that at some time in 2009 Ms. Kim informed Mr. Goldsmith that Defendant was not ready to proceed with its mid-year inventory. Defendant also lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Amended Complaint and, therefore, denies the same. To the extent Paragraph 30 calls for a legal conclusion, no response is required.

31. Defendant denies the truth of the allegations contained in Paragraph 31 of the Amended Complaint, except admits that only one partial inventory was done for Defendant using Plaintiff's inventory system in 2009. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Amended Complaint and, therefore, denies the same. To the extent Paragraph 31 calls for a legal conclusion, no response is required.

32. Defendant denies the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint and, therefore, denies the same.

34. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint and, therefore, denies the same.

35. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint and, therefore, denies the same.

36. Defendant denies the truth of the allegations contained in Paragraph 36 of the Amended Complaint, except admits Mr. Goldsmith sent a letter to Ms. Kim on or about December 28, 2009. To the extent Paragraph 36 calls for a legal conclusion, no response is required.

37. Defendant denies the truth of the allegations contained in Paragraph 37 of the Amended Complaint, except admits that it received a letter from Plaintiff's counsel on or about January 19, 2010. To the extent Paragraph 37 calls for a legal conclusion, no response is required.

38. Defendant denies the truth of the allegations contained in Paragraph 38 of the Amended Complaint, except admits to contacting Plaintiff's counsel to acknowledge receipt of the January 19, 2010 letter. To the extent Paragraph 38 calls for a legal conclusion, no response is required.

39. Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

### FIRST CLAIM FOR RELIEF
(Breach Of Contract – First 2009 Inventory)

40. Defendant repeats and realleges its answers contained in paragraphs 1 through 39, as if fully set forth herein.

41. Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (Breach Of Contract – Second 2009 Inventory)

45. Defendant repeats and realleges its answers contained in paragraphs 1 through 44, as if fully set forth herein.

46. Defendant denies the allegations in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
### (Anticipatory Breach Of Contract/Repudiation)

51. Defendant repeats and realleges its answers contained in paragraphs 1 through 50, as if fully set forth herein.

52. Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Amended Complaint.

55. Defendant lacks sufficient information to form a belief as to the truth of the allegation in Paragraph 55 of the Amended Complaint and, therefore, denies the same.

56. Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint and, therefore, denies the same.

58. Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred, precluded or limited, in whole or part, by the equitable doctrines of unclean hands, estoppel, laches, and waiver.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred, precluded or limited, in whole or part, by Defendant's performance up until the time of material breach by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because the conditions precedent to Defendant's obligations have not been satisfied.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, in that any award to Plaintiff in this action would constitute unjust enrichment.

### SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Plaintiff violated the implied covenant of good faith and fair dealing.

### SEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Plaintiff failed to perform its obligation under the Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Plaintiff has failed to mitigate damages, if any.

### RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Defendant gives notice that it intends to rely upon such other further defenses as may become available during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and all such defenses.

### COUNTERCLAIM

Defendant, by and through its undersigned attorneys, for its Counterclaim against Plaintiff, alleges upon knowledge as to itself and its own acts, and otherwise upon information and belief, as follows:

#### Nature Of The Action

1. This dispute arises from an alleged agreement signed by the parties on or about March 28, 2008 ("the alleged Agreement"), under which Plaintiff was obligated to provide an inventory system comprising equipment, software, procedures, supplies and support for Defendant's use in conducting self-audits of its inventory, as well as training for Defendant's employees in using Plaintiff's inventory system. Plaintiff provided an inventory system to Defendant but the inventory system failed to operate as represented and the necessary training services to properly use the inventory system were not provided by Plaintiff.

2. Numerous material terms in the alleged Agreement, which was prepared by Plaintiff, are ambiguous or missing and Plaintiff unilaterally changed the alleged Agreement, contrary to its express terms, rendering the alleged Agreement unenforceable, null and void.

3. On information and belief, Plaintiff has failed to seek a replacement purchaser or user for the inventory system and/or the hardware components thereof that it agreed to provide to Defendant.

### The Parties

4. Defendant/Counterclaimant Forever 21, Inc. is a Delaware corporation with its principal place of business and executive offices at 2001 S. Alameda Street, Los Angeles, California 90058. Defendant does business through retail stores located in the State of New York, including in this District.

5. On information and belief, Plaintiff is a New York corporation with its principal place of business located at 60 Plant Avenue, Hauppauge, New York 11788.

### Jurisdiction And Venue

6. This Court has jurisdiction over this claim under 28 U.S.C. § 1332(a) because this dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff and Defendant are subject to personal jurisdiction here.

### Statement Of Facts

8. Defendant is a national retailer with hundreds of stores located across the country.

9. Prior to 2008, Defendant had not self-audited its inventory. In the past, Defendant used third party organizations and contract personnel not directly employed by Defendant to audit the inventory of all of its stores.

10. In late 2007, Plaintiff and Defendant began discussions concerning Defendant's prospective use of Plaintiff's inventory system to self-audit Defendant's inventory of retail goods. In March 2008, Plaintiff and Defendant negotiated an alleged Agreement.

11. On information and belief, Plaintiff was aware of Defendant's unfamiliarity with the equipment, software, procedures and controls used in Plaintiff's inventory system, since Defendant had not previously used Plaintiff's inventory system, and had never conducted a year-end inventory audit using its own employees.

**Plaintiff's Failure to Train Defendant's Employees**

12. In 2008, Defendant conducted trial self-audits in a limited number of Defendant's stores using Plaintiff's inventory system, beginning with two of Defendant's stores in February 2008.

13. Plaintiff's personnel were present and/or assisted Defendant with using Plaintiff's inventory system during the trial self-audits in 2008.

14. Defendant attempted to use Plaintiff's inventory system in early 2009 to conduct an inventory audit in all of its approximately 350 stores. Plaintiff's personnel were not present during the inventory audit in early 2009.

15. Error rates for the audit data and instances of communication errors were excessive, and Plaintiff's inventory system and controls were unsatisfactory, in the view of Defendant and its auditors, Deloitte & Touche.

16. Section 6.c. of the alleged Agreement states

> Two store tests are scheduled for February 17, 2008. All of the charges, terms and conditions in this Agreement shall pertain to this inventory, except that the Prices in Section 3 will be waived.

> The Client agrees that (1) the locations to be inventoried will be prepared in the same manner as a "live" inventory, (2) *the Client's personnel will be trained by a Hart employee*, (3) two Hart employees will be present throughout the entire inventories, including the period when the stickers are placed on the fixtures, and (4) the inventories will be taken by store personnel that would normally be assigned to this task rather than corporate personnel, store managers, auditors, or other executives.

(Emphasis added).

17.     Section 8.a. of the alleged Agreement states

*Training of the Client's training personnel. The parties will mutually agree to a schedule and the number of people to be trained. Hart will supply equipment during the client's training sessions, at no charge to the Client.*

Hart prefers all training sessions to be held in its corporate offices, at no cost to the Client. However, if the Client requests the training to be held at a different location, the costs referred to in Sections 9, 15, 16, 17 and 18, will be paid by the Client.

(Emphasis added).

18.     The training provided by Plaintiff to Defendant's personnel concerning the use of Plaintiff's inventory system prior to or during the trial self-audits in 2008 or the audit in early 2009 was limited to providing DVDs and operating manuals to Defendant. Plaintiff provided no training tailored specifically to Defendant's employees, even though Defendant had no previous experience with the use of Plaintiff's inventory system or inventory self-audits in general and Defendant's store personnel conducting the self-audits were not auditors. Plaintiff was aware of Defendant's inexperience.

19.     Due to the unsatisfactory performance of Plaintiff's inventory system, Defendant paid Plaintiff only for the use of Plaintiff's inventory system during the self-audit conducted in early 2009.

20. Section 6.h. of the alleged Agreement states, in relevant part, "Hart agrees to provide consistent levels of satisfactory service. Satisfactory service is defined as consistent execution and support to allow Client to conduct accurate inventories with accurate reports in a reasonable period of time …"

21. Section 26.c. of the alleged Agreement states "Hart represents and warrants that the 3H INVENTORY SYSTEM will function substantially in accordance with the manuals supplied to Client by Hart."

22. Plaintiff's failure to provide adequate training to Defendant's employees prevented Defendant from conducting accurate inventories with accurate reports in a reasonable period of time and rendered the inventory system incapable of functioning as Plaintiff represented, in breach of the terms of the alleged Agreement.

**Plaintiff's Failure to Mitigate**

23. Plaintiff failed to provide the necessary software and system functionality for the inventory system to properly work in Defendant's retail establishments.

24. Much of the inventory system provided by Plaintiff to Defendant is not customized for Defendant's sole use. Changes were made in the software component of the inventory system with respect to the processing and reporting of audit data, but, on information and belief, the inventory system is otherwise generally suitable for use by any other retailer.

25. After Defendant was forced to discontinue use of the inventory system, on information and belief, Plaintiff did not attempt to seek a substitute buyer or user for its inventory system and the hardware components thereof, and thereby failed to mitigate its purported damages.

**Defects In The Alleged Agreement**

26. Material terms in the alleged Agreement are missing or ambiguous or have been violated by Plaintiff.

27. Section 7.b. of the alleged Agreement states "This Agreement shall be null and void unless executed by the Client, and received by Hart, on or before February 15, 2008." Yet, page 4 of the alleged Agreement contains an undated, handwritten annotation that states "The date limitation stated in Section 7.b. above is waived." The annotation is initialed "JG." On information and belief, the initials correspond to Jared Goldsmith, President of Plaintiff.

28. The handwritten annotation on page 4 of the alleged Agreement is not executed by Alex Ok, who signed the alleged Agreement on behalf of Defendant, or any other representative of Defendant, which is in violation of Section 26(g).

## COUNT ONE

### (Breach of Contract)

29. Defendant realleges and incorporates by reference paragraphs 1 to 27 of the Counterclaim as if fully set forth herein.

30. Plaintiff was obligated to provide sufficient training enabling Defendant's employees to use Plaintiff's inventory system according to Plaintiff's representations, as provided for by the warranty in Section 26.c. of the alleged Agreement.

31. Plaintiff did not provide sufficient training as described in the preceding paragraphs, thereby preventing Defendant from receiving the benefits to which Defendant was entitled under the alleged Agreement and materially breaching the alleged Agreement.

32. Defendant has suffered financial harm as a result of Plaintiff's breach and is entitled to damages.

## COUNT TWO

### (The Alleged Agreement Is Void)

33. Defendant realleges and incorporates by reference paragraphs 1 to 31 of the Counterclaim as if fully set forth herein.

34. Plaintiff made a handwritten change to the alleged Agreement that was not approved by Defendant, thereby rendering the alleged Agreement null and void.

35. Because the alleged Agreement is null and void, Defendant is not subject to any obligation to further use Plaintiff's inventory system.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendant respectfully prays for the following relief and the entry of judgment on its Counterclaim against Plaintiff as follows:

1. Dismissal of the Amended Complaint and Plaintiff's entire for prayer for relief with prejudice;

2. A declaration that Plaintiff breached the alleged Agreement by failing to provide adequate training to Defendant's employees to ensure that Plaintiff's inventory system was suitable for its intended use, in accordance with the warranty provided by Plaintiff in the alleged Agreement;

3. A declaration that Plaintiff failed to mitigate any purported damages and therefore is not entitled to damages;

4.  An award of compensatory damages against Plaintiff for its breach of the alleged Agreement;

5.  An award of Defendant's attorneys' fees and costs herein incurred; and

6.  An award of such other further relief as the Court may deem just and proper in the circumstances.

Respectfully submitted,

Dated: April 7, 2010          By:     _____
                                      Robert L. Powley
                                      James M. Gibson
                                      Margarita Wallach
                                      David J. Lorenz
                                      Jason H. Kasner
                                      Joseph J. Bozzuti

                                      Powley & Gibson, P.C.
                                      304 Hudson Street, 2nd Floor
                                      New York, New York 10013
                                      Phone: 212-226-5054
                                      Fax: 212-226-5085

                                      Attorneys for Defendant
                                      Forever 21, Inc.