UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
HART SYSTEMS, INC.,                                          :
                                                             :   Civil Action No. 10 CV 0753 (BMC)
                                  Plaintiff,                 :
                                                             :   **REPLY TO COUNTERCLAIM**
             - against -                                     :
                                                             :
FOREVER 21, INC.,                                            :
                                                             :
                                  Defendants.                :
------------------------------------------------------------ x

Plaintiff Hart Systems, Inc. ("Hart Systems" or "Plaintiff"), by its attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for its reply to the Answer and Counterclaim (the "Counterclaim") filed by Defendant Forever 21, Inc. ("Defendant") responds and alleges as follows:

### Nature of the Action

1. Hart Systems denies the allegations in Paragraph 1 of the Counterclaim, except admits that this dispute arises out of an agreement signed by the parties on or about March 28, 2008 (the "Agreement") and that Hart Systems provided its inventory system to Forever 21 in accordance with the Agreement.

2. Hart Systems denies the allegations contained in Paragraph 2 of the Counterclaim.

3. Hart Systems denies the allegations contained in Paragraph 3 of the Counterclaim.

### The Parties

4. Hart Systems admits, upon information and belief, the allegations contained in Paragraph 4 of the Counterclaim.

5. Hart Systems admits the allegations contained in Paragraph 5 of the Counterclaim.

### Jurisdiction and Venue

6. Hart Systems admits the allegations contained in Paragraph 6 of the Counterclaim.

7. Hart Systems admits the allegations contained in Paragraph 7 of the Counterclaim.

### Statement of Facts

8. Hart Systems admits the allegations contained in Paragraph 8 of the Counterclaim.

9. Hart Systems denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Counterclaim.

10. Hart Systems denies the allegations contained in Paragraph 10 of the Counterclaim, except admits that in late 2007, Plaintiff and Defendant began discussions concerning Defendant's prospective use of Plaintiff's inventory system to self-audit Defendant's inventory of retail goods and that, as a result of those discussions, Plaintiff and Defendant entered into the Agreement pursuant to which Forever 21 agreed to use Hart Systems' inventory services exclusively during 2009, 2010 and 2011.

11. Hart Systems denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Counterclaim, except admits that Hart Systems was aware that Defendant had not previously used Hart Systems' inventory system.

### Plaintiff's Failure to Train Defendant's Employees

12. Hart Systems denies the allegations contained in Paragraph 12 of the Counterclaim except admits that a number of trial inventory audits were performed in February and September of 2008 using the Hart Systems' inventory system in order to, *inter alia*, familiarize Forever 21 with that system.

[918996-3]

13. Hart Systems admits the allegations contained in Paragraph 13 of the Counterclaim.

14. Hart Systems denies the allegations in Paragraph 14 of the Counterclaim, except admits that in early 2009, pursuant to the Agreement, Hart Systems provided Defendant with its inventory systems and equipment for Defendant to conduct an inventory audit of its stores.

15. Hart Systems denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaim.

16. Hart Systems neither admits nor denies the allegations contained in Paragraph 16 of the Counterclaim and respectfully refers this Court to the Agreement for its terms, content and meaning.

17. Hart Systems neither admits nor denies the allegations contained in Paragraph 17 of the Counterclaim and respectfully refers this Court to the Agreement for its terms, content and meaning.

18. Hart Systems denies the allegations contained in Paragraph 18 of the Counterclaim, except admits that, in accordance with the Agreement, Hart Systems provided training to Defendant's personnel regarding the use of Hart Systems' inventory system

19. Hart Systems denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Counterclaim, except admits that Defendant has breached the Agreement, refused to perform according to its terms, and has only paid Plaintiff for a portion of one scheduled inventory that was conducted in early 2009.

20. Hart Systems neither admits nor denies the allegations contained in Paragraph 20 of the Counterclaim and respectfully refers this Court to the Agreement for its terms, content and meaning.

21. Hart Systems neither admits nor denies the allegations contained in Paragraph 21 of the Counterclaim and respectfully refers this Court to the Agreement for its terms, content and meaning.

22. Hart Systems denies the allegations contained in Paragraph 22 of the Counterclaim.

**Plaintiff's Failure to Mitigate**

23. Hart Systems denies the allegations contained in Paragraph 23 of the Counterclaim.

24. Hart Systems denies the allegations contained in Paragraph 24 of the Counterclaim.

25. Hart Systems denies the allegations contained in Paragraph 25 of the Counterclaim.

**Defects in the Alleged Agreement**

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Hart Systems denies the allegations and respectfully refers this Court to the Agreement for its terms, content and meaning.

27. Hart Systems neither admits nor denies the allegations contained in Paragraph 27 of the Counterclaim and respectfully refers this Court to the Agreement for its terms, content and meaning, except Hart Systems admits that the initials "JG" correspond to Jared Goldsmith, President of Plaintiff.

28. Paragraph 28 of the Counterclaim purports to state legal conclusions as to which no response is required. To the extent that a response is required, Hart Systems neither admits nor denies the allegations contained therein and respectfully refers this Court to the Agreement for its terms content and meaning, except Hart Systems admits, upon information and belief, that Alex OK signed the Agreement on or about March 28, 2008.

[918996-3]

## COUNT ONE

### (Breach of Contract)

29. Hart Systems repeats and realleges its responses to Paragraphs 1-28 as if fully set forth herein.

30. Hart Systems denies the allegations contained in Paragraph 30 of the Counterclaim and respectfully refers this Court to the Agreement for its terms, content and meaning.

31. Hart Systems denies the allegations contained in Paragraph 31 of the Counterclaim.

32. Hart Systems denies the allegations contained in Paragraph 32 of the Counterclaim.

## COUNT TWO

### (The Alleged Agreement Is Void)

33. Hart Systems repeats and realleges its responses to Paragraphs 1-32 as if fully set forth herein.

34. Hart Systems denies the allegations contained in Paragraph 34 of the Counterclaim.

35. Hart Systems denies the allegations contained in Paragraph 35 of the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by virtue of the equitable doctrines of unclean hands, estoppel, laches, and waiver.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by virtue of Plaintiff's partial performance through the time of the Defendant's material breach.

[918996-3]

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by virtue of the Defendant's failure to cancel the Agreement according to the explicit terms thereof.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, because Defendant violated the implied covenant of good faith and fair dealing.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by virtue of Defendant's failure to perform its obligations under the Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by virtue of the fact that any damages Defendant is alleged to have suffered are a direct result of Defendant's own negligence, malfeasance or improper actions.

### EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, because certain conditions precedent have not occurred.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by virtue of Defendant's failure to mitigate its damages.

### RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Plaintiff gives notice that it intends to rely upon such other and further defenses as may become available during pretrial proceedings in this action and hereby reserves all rights to amend this Reply to Defendant's Counterclaim and all such defenses asserted herein.

[918996-3]

Dated: New York, New York
       April 28, 2010

                                      TANNENBAUM HELPERN
                                      SYRACUSE & HIRSCHTRITT, LLP

                                      By: _____
                                      Paul D. Sarkozi
                                      David J. Kanfer
                                      900 Third Avenue
                                      New York, NY 10022
                                      (212) 508-6700

                                      *Attorneys for Plaintiff Hart Systems, Inc.*

[918996-3]